IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Alonzo Robinson, ) | Civil Action No.: 8:13-cv-02321-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Gina Jarrell, Nurse; Rosita R. ) | |
| Thomas, Nurse; Pamela C. Derrick, ) | |
| Nurse; Mr. Rowe; Jane and John ) | |
| Does, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this action in August 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] Defendants jointly filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 46. Plaintiff submitted a timely response to Defendants' motion. ECF No. 52. In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment.

Plaintiff, who is diabetic, alleges several claims against medical personnel arising out of a foot injury and its subsequent treatment over the course of several months.[2] On February 11, 2014,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the alleged facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further. Nevertheless, it must be noted that Plaintiff objects to how the Magistrate Judge characterizes some of the facts in the R&R. Those characterizations, however, are immaterial, as the Magistrate Judge assumes *the* material fact in the light most favorable to Plaintiff—that Defendant Jarrell "roughly yanked" off the dressing on Plaintiff's foot. That is the *only* "force" alleged in this action. While Plaintiff continuously characterizes Defendant Jarrell's behavior surrounding the medical visit at issue as supporting his

Defendants jointly filed a motion for summary judgment, contending that the evidence, even when viewed in a light most favorable to Plaintiff, does not support his claims for excessive force and deliberate indifference to his serious medical needs.  After having been put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of dispositive motions, Plaintiff timely responded to their motion.  The Magistrate Judge then issued her R&R on July 16, 2014, recommending that summary judgment be granted in Defendants' favor. R&R, ECF No. 62. Plaintiff filed timely objections. Pl.'s Objs., ECF No. 64.

      The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

allegations that she acted wantonly and unnecessarily, Defendant's "malevolence" is assumed in this Court's analysis of Plaintiff's excessive force claim.

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, the Magistrate Judge reports that "Plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether a constitutionally excessive amount of force was used." R&R 10. As to Plaintiff's deliberate indifference claims against Defendants, the Magistrate Judge reports that the evidence in a light most favorable to Plaintiff shows that "Defendants have adequately addressed Plaintiff's medical needs." R&R 14. In his lengthy objections, Plaintiff argues that he presented sufficient evidence to support his claims. He draws the Court's attention to his affidavit describing Defendant Jarrell's "harsh tone" and "rage and anger" that accompanied the removal of his dressing. He, moreover, argues that his affidavit creates a dispute of fact that prison officials and medical professionals did not care about his diabetes and foot injury, particularly in giving him boots when he first requested them and in refusing to treat his bleeding pinky toe at times.

After a review of the record in light of Plaintiff's objections, the Court finds the Magistrate Judge's recommendation appropriate. Particularly, the Court notes that, in order to prevail on an excessive force claim under the Eight Amendment, a Plaintiff must present evidence of more than a mere *de minimis* use of physical force. *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992). "[Not] every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9; *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."). As the Magistrate Judge correctly notes, Plaintiff does not dispute the fact that he would not remove the dressing himself. Naturally, it became the task of Defendant Jarrell to do so. The "rough" removal of a medical dressing, therefore, presents an example of a *de minimis* use of force. Whether Defendant Jarrell's actions were taken out of malevolence or not, her actions cannot be labeled "repugnant to

3

the conscience of mankind." Indeed, *Hudson* cannot be read to permit a prisoner to force a trial on an Eighth Amendment excessive force claim merely as a result of the manner in which a medical professional removed a dressing the prisoner had demanded that she remove in the first place. Contemporary standards of decency, which guide an Eighth Amendment analysis, are not violated by what *may be perceived* as an unnecessarily "rough" removal of a bandage and gauze. *See id.*

The Court, moreover, finds the Magistrate Judge's analysis of Plaintiff's deliberate indifference claims to be appropriate. Plaintiff alleges that prison officials were deliberately indifferent in caring for his feet when it was known by them that he suffered from diabetes. As highlighted by the Magistrate Judge, the evidence presented by Plaintiff by way of his affidavit, however, does not genuinely dispute the actions taken by prison officials and medical professionals in caring for his foot and his diabetes. His complaints amount only to disagreements about the adequacy of care he received. *Cf. De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) ("[A] prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need."). The Court has reviewed the evidence in the record and finds that the evidence, viewed in a light favorable to Plaintiff, shows that Defendants acted reasonably in treating Plaintiff's foot and related symptoms of his diabetes diagnosis. *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). Here, Plaintiff was given the smallest shoes available to commissary personnel and permitted under South Carolina Department of Corrections policy. When Plaintiff asked for a doctor's order for him obtain boots, he received the order (and subsequently the boots) without hesitation. Finally, he received, on virtually a daily

4

basis, attention from medical personnel for the wound on his foot, which ultimately healed. Tellingly, Plaintiff cannot say what prison officials and medical professionals could have done differently over the course of his treatment that would have led to a quicker healing of the wound[3] or would not have run afoul of SCDC policy, and he does not genuinely dispute SCDC policy.[4] His objections are without merit and thus overruled.[5]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 46) is **GRANTED** and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

---

[3] There is evidence in the record, undisputed by Plaintiff, that he failed to show up for dressing changes on multiple occasions. Aff. of Pamela Derrick 3, ECF No. 46-3. Such evidence is relevant to the *seriousness* of the medical need Plaintiff alleges (especially as the wound healed over time) and the actions of prison officials and medical professionals to address them. The Magistrate Judge, nevertheless, assumes for the purposes of her recommendation that Plaintiff's medical needs were sufficiently serious. R&R 13.

[4] Plaintiff attests in his affidavit that the fact that commissary personnel have given boots to others without a doctor's order is evidence that a doctor's order is not required. Indeed, a doctor's order is not always required for boots, the exception being for inmates who hold specific jobs where boots are necessary. Aff. of James Rowe 1–2, ECF No. 46-5. Plaintiff did not hold such a job.

[5] The Court notes, in light of the notations in Plaintiff's medical records, that Plaintiff routinely threatened medical personnel with lawsuits. *See, e.g*, ECF No. 46-9, at 6 ("INMATE UPSET A[T] STAFF AND THREATENING LAWSUITS"). Coupled with the lack of merit of Plaintiff's deliberate indifference claims, these threats can support an inference that this action was brought maliciously. The Court warns Plaintiff that it will not tolerate lawsuits maliciously filed and advises Plaintiff of the serious consequences he may face under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), if the Court ever finds he does so.

**IT IS SO ORDERED.**

                                                        s/ R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge

August 20, 2014
Florence, South Carolina